UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Melissa L. Cohn, *et al.*, | |
| Plaintiffs, | Case No. 14 C 9369 |
| v. | |
| Guaranteed Rate Inc., *et al.*, | Judge John Robert Blakey |
| Defendants. | |

**MEMORANDUM OPINION AND ORDER**

This matter concerns an employment dispute among Plaintiff Melissa Cohn, her former employer Defendant Guaranteed Rate, Inc. ("GRI"), and the President of GRI, Defendant Victor Ciardelli. Plaintiff's general claim is that the Defendants wrongfully forced her out of her position as Executive Vice President of GRI.[1] To that end, Plaintiff bring three causes of action: (1) breach of the Branch Manager Agreement; (2) breach of the Asset Purchase Agreement; and (3) fraud. [33]. Currently before the Court is Defendants' motion to dismiss Count III for failure to state a claim. [33]. That motion is granted.

I. **Legal Standard**

Under Rule 12(b)(6), the Court must construe the complaint in the light most favorable to the Plaintiff, accept as true all well-pleaded facts and draw reasonable inferences in her favor. *Yeftich v. Navistar, Inc.*, 722 F.3d 911, 915 (7th Cir. 2013);

---

[1] For factual background, the Court incorporates by reference the Background section of its September 10, 2015 Opinion. *See* [31].

*Long v. Shorebank Dev. Corp.*, 182 F.3d 548, 554 (7th Cir. 1999). Statements of law, however, need not be accepted as true. *Yeftich*, 722 F.3d at 915. Rule 12(b)(6) limits this Court's consideration to "allegations set forth in the complaint itself, documents that are attached to the complaint, documents that are central to the complaint and are referred to in it, and information that is properly subject to judicial notice." *Williamson v. Curran*, 714 F.3d 432, 436 (7th Cir. 2013). To survive a motion under Rule 12(b)(6), the complaint must "state a claim to relief that is plausible on its face." *Yeftich*, 722 F.3d at 915. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Under Federal Rule of Civil Procedure 9(b), plaintiff must plead all allegations sounding in fraud with specificity, including the who, what, where, and when of the claim. Fed. R. Civ. P. 9(b); *Windy City Metal Fabricators & Supply, Inc. v. CIT Tech. Fin. Servs., Inc.*, 536 F.3d 663, 669 (7th Cir. 2008).

II. Analysis

    A. **Count III: Fraud**

In Count III, Plaintiff alleges that Defendants committed fraud by making false statements in March and July 2014. To plead this type of fraud claim in Illinois, the plaintiff must allege: (1) a false statement of material fact; (2) defendant's knowledge that the statement was false; (3) defendant's intent that the statement induce the plaintiff to act; (4) plaintiff's reliance upon the truth of the statement; and (5) plaintiff's damage resulting from reliance on the statement.

*Antonacci v. Seyfarth Shaw, LLP*, 39 N.E.3d 225, 238 (Ill. App. Ct. 2015); *Tricontinental Indus. v. PricewaterhouseCoopers, LLP*, 475 F.3d 824, 841 (7th Cir. 2007). Plaintiff's fraud claim here is based on two sets of allegedly false statements: (1) a section of the March 2014 Release; and (2) Plaintiff's July 15, 2014 conversation with Ciardelli. The Court will address each statement in turn.

### i. The March 2014 Release

Plaintiff claims fraud based on an alleged false statement in the March 2014 Release. That statement, located in Paragraph 4 of the Release section entitled "Cohn's Employment," reads: "The Company strongly desires for Cohn's employment with the Company to continue and, has therefore, worked with Cohn to develop a management structure within the Branch to help Cohn succeed as an employee and a regional manager in the organization." [32] at ¶ 32; Ex. H at 002. For ease of reference, the Court will refer to this statement as the "Release Statement." Defendants argue that the Release Statement cannot serve as the basis of Plaintiff's fraud claim because the Release itself released Defendants from liability based on any acts occurring up to and including the execution of the Release. The Court agrees. The Release specifically states that it releases the Defendants from "any and all claims . . . [or] liabilities . . . based directly or indirectly upon . . . any alleged act or omission to act . . . occurring and/or accruing up to and including the time of execution of this Agreement." [32] Ex. H at 004. Here, the allegedly false statement in the Release is an "act" that occurred at the

time of the execution of the Release. Any claim based on that statement is therefore barred by the very terms of the Release.

Plaintiff argues that the Release cannot bar her fraud claim because she was fraudulently induced to sign it. That argument is unavailing. A contract induced by fraud is not void, but is voidable at the election of the party claiming to have been defrauded. *Zirp-Burnham, LLC v. E. Terrell Associates, Inc.*, 826 N.E.2d 430, 442 (Ill. App. Ct. 2005). Illinois law gives two choices to contractual parties claiming fraud in the inducement: "(1) rescind the contract, or (2) waive the defect, ratify the contract, and enforce it." *23-25 Bldg. P'ship v. Testa Produce, Inc.*, 886 N.E.2d 1156, 1163 (Ill. App. Ct. 2008). "A person who has been misled by fraud or misrepresentation is required, as soon as he learns the truth, to disaffirm or abandon the transaction with all reasonable diligence, so as to afford both parties an opportunity to be restored to their original position. If, after discovering the untruth of the representations, he conducts himself with reference to the transaction as though it were still subsisting and binding, he thereby waives all benefit of relief from the misrepresentations." *Zaremski v. Am. Arbitration Ass'n, Inc.*, No. 11 C 5221, 2012 WL 1623207, at *4 (N.D. Ill. May 9, 2012) (citing *Havoco of Am., Ltd. v. Hilco, Inc.*, 731 F.2d 1282, 1288 (7th Cir. 1984)). In other words, a party seeking to "rescind a contract on the ground of fraud or misrepresentation must elect to do so promptly after learning of the fraud or misrepresentation. It is well-established that an unreasonable delay in taking the necessary steps to set

4

aside a fraudulent agreement will have the effect of affirming it." *Hassan v. Yusuf*, 944 N.E.2d 895, 918 (Ill. App. Ct. 2011).

The facts alleged here show that Plaintiff was aware of the fraudulent nature of Defendant's Release Statement shortly after signing the Release, but has taken no action to attempt to rescind the contract. Plaintiff signed the Release on March 18, 2014, and Ciardelli signed it on March 27, 2014. [33] at ¶ 31. According to the Complaint, "a few days after" Plaintiff signed the Release it was clear that the Defendants' professed desire for Cohn to succeed was "hollow verbiage." *Id.* at ¶ 33. Plaintiff also claims that the Defendants' plan to force her to leave resumed and picked up in April 2014 when she was relieved of her day-to-day responsibilities with GRI. *Id.* at ¶ 35. Thus, Plaintiff had to have known by April 2014, at the very latest, that the Defendants' Release Statement was fraudulent. Despite this, Plaintiff: (1) accepted a bonus payment under the terms of the Release, *id.* at ¶ 14; and (2) has not taken any action to rescind the Release. As such, the Court finds that Plaintiff has affirmed the Release by her conduct and cannot rely on any fraudulent inducement to prevent its operation. Count III is therefore dismissed to the extent it is based on the Release Statement.

### ii. July 15, 2014 Conversation

Plaintiff also bases her fraud claim on comments made by Ciardelli during a July 15, 2014 phone conversation. Plaintiff describes that conversation as follows:

> "a conference call took place on July 15, 2014, which included counsel, Cohn, and Ciardelli. In the course of this discussion, Ciardelli asked Cohn to consider two going-forward options. The first option offered by Ciardelli was for Cohn to remain with GRI. However, in contravention of the agreements

5

signed on March 27, the Defendants stated Cohn would have to agree to further unspecified reductions in responsibilities and reduced salary. The second option was for the parties to separate, which was an option the Defendants had not previously proposed to Cohn." *Id.* at ¶¶ 43-44.

This conversation cannot serve as the basis for Plaintiff's fraud claim two reasons. First, under Illinois law, fraudulent misrepresentations "must be statements of present or preexisting facts, and not statements of future intent or conduct." *Abazari v. Rosalind Franklin Univ. of Med. & Sci.*, 40 N.E.3d 264, 270 (Ill. App. Ct. 2015). Misrepresentations "as to something to be done in the future generally do not constitute fraud." *Power v. Smith*, 786 N.E.2d 1113, 1119 (Ill. App. Ct. 2003). The July 15, 2014 conversation fails this test because Ciardelli did not make a statement of fact, but rather asked Plaintiff to consider to two options. Ciardelli's statement, then, was more of a question than a statement of "present or preexisting facts." *Abazari*, 40 N.E.3d at 270. Also, because Ciardelli asked Plaintiff to consider "two going-forward options," he was referring to something in the future, which does not constitute fraud. *Power*, 786 N.E.2d at 1119.

Second, Plaintiff has failed to allege that she suffered damages due to her reliance on Ciardelli's July 15th statements. Plaintiff claims that she relied on Ciardelli's statements by agreeing to discuss a mutually acceptable business separation and deciding to stay out of the office. However, Plaintiff does not allege how these acts harmed her. Her sole damages allegation is that: "as a direct and proximate result of the Defendants' fraudulent conduct, Cohn has been damaged." [33] at ¶ at 93. This is insufficient to survive under Rule 9(b). *See Swanson v. Citibank, N.A.*, 614 F.3d 400, 406 (7th Cir. 2010) ("a plaintiff must plead actual

6

damages arising from her reliance on a fraudulent statement"); *Elias v. Stewart Title of Illinois*, No. 09 C 6773, 2010 WL 4482102, at *5 (N.D. Ill. Nov. 1, 2010) (claim for damages based on fraud was insufficient where Plaintiff did not specifically state the loss caused by relying on the fraudulent statement as compared to what would have happened in the absence of that reliance). Plaintiff's damages allegation is a bare bones legal conclusion, which is insufficient to survive a Rule 12(b)(6) motion to dismiss. *Cholly v. Uptain Grp., Inc.*, No. 15 C 5030, 2015 WL 9315557, at *2 (N.D. Ill. Dec. 22, 2015). Thus, to the extent Plaintiff's fraud claim is based on the July 15, 2014 conversation, that claim is dismissed.

## IV. Conclusion

Defendants' motion to dismiss [33] is granted with prejudice as to Count III. This matter remains set for a status hearing on 1/14/16, at which time the parties shall come prepared to discuss case management dates and the possibility of settlement.

IT IS SO ORDERED

Dated: January 13, 2016

United States District Judge